# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PAUL A. BROWN, #MD-1590, | |
| Petitioner, | CIVIL ACTION NO. 3:19-cv-02037 |
| v. | (RAMBO, J.) |
| | (SAPORITO, M.J.) |
| J. LUTHER, Warden, | |
| Respondent. | |

## MEMORANDUM

On November 27, 2019, the Court received and filed a petition for a writ of habeas corpus submitted pursuant to 28 U.S.C. § 2254, signed and mailed by the petitioner, Paul A. Brown, on November 23, 2019. (Doc. 1). At the time, Brown was incarcerated at SCI Smithfield, located in Huntingdon County, Pennsylvania. The matter is now before the Court on Brown's motion to stay this federal habeas proceeding and hold his petition in abeyance to permit him to exhaust his state court remedies with respect to certain claims not previously presented to the state appellate courts. (Doc. 18).

### I. Procedural Background

On April 29, 2015, Brown pleaded guilty to one count of attempted homicide and one count of aggravated assault causing serious bodily

injury in the Court of Common Pleas of Monroe County, Pennsylvania. *Commonwealth v. Brown*, Case No. CP-45-CR-0002030-2014 (Monroe Cty. (Pa.) C.C.P.). On July 28, 2015, the state trial court sentenced Brown to serve a term of 15 to 40 years in prison. *Id.* Brown did not file a direct appeal from his conviction and sentence.

Brown filed a *pro se* PCRA petition in the Court of Common Pleas on or about January 28, 2016, and the court appointed PCRA counsel to represent him. *Id.* Brown filed a counseled amended PCRA petition on March 8, 2016, which was denied on May 25, 2016. *Id.* The denial of his PCRA petition was affirmed on appeal by the Superior Court of Pennsylvania on April 18, 2017. *Commonwealth v. Brown*, 169 A.3d 1178 (Pa. Super. Ct. 2017) (table decision); *see also Commonwealth v. Brown*, No. 1798 EDA 2016, 2017 WL 1397405 (Pa. Super. Ct. Apr. 18, 2017) (unpublished opinion).

On or about September 10, 2017, Brown filed a second *pro se* PCRA petition alleging that PCRA counsel had been ineffective in failing to file a petition for allocatur in his first PCRA proceedings, which was dismissed by the Court of Common Pleas as untimely filed on February 6, 2018. *Commonwealth v. Brown*, Case No. CP-45-CR-0002030-2014

(Monroe Cty. (Pa.) C.C.P.). On July 27, 2018, the Superior Court of Pennsylvania reversed, finding the second petition to have been timely filed, and remanded it for further proceedings on the merits of Brown's PCRA ineffectiveness claim. *Commonwealth v. Brown*, 194 A.3d 716 (Pa. Super. Ct. 2018) (table decision); *see also Commonwealth v. Brown*, No. 776 EDA 2018, 2018 WL 3598977 (Pa. Super. Ct. July 27, 2018) (unpublished decision).

On remand, the court appointed PCRA counsel to represent Brown, and Brown filed a counseled amended PCRA petition on November 19, 2018. *Commonwealth v. Brown*, Case No. CP-45-CR-0002030-2014 (Monroe Cty. (Pa.) C.C.P.). An evidentiary hearing was held on January 14, 2019. *Id.* On January 31, 2019, the state court granted PCRA relief and reinstated Brown's appellate rights with respect to his first petition. *Id.*

Brown filed a petition for allocatur in the Supreme Court of Pennsylvania with respect to the appeal of his first PCRA petition, which was summarily denied by the state supreme court on July 24, 2019. *Commonwealth v. Brown*, 216 A.3d 1029 (Pa. 2019) (per curiam).

Brown constructively filed his federal habeas petition in this Court

on November 23, 2019. (Doc. 1.) On February 27, 2020, the Court received and filed Brown's motion for stay and abeyance of the petition to permit him to exhaust certain federal habeas claims that he had not yet presented to the state courts. (Doc. 18.) That motion is ripe for decision.

## II. DISCUSSION

Generally, a federal district court may not grant a habeas petition unless the petitioner has first exhausted all available state court remedies. *See* 28 U.S.C. § 2254(b); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Indeed, the Supreme Court of the United States has held that, when a district court is presented with a "mixed" petition containing both exhausted *and* unexhausted claims, it must be dismissed without prejudice in its entirety to allow the petitioner an opportunity to achieve "total exhaustion." *Rose v. Lundy*, 455 U.S. 509, 522 (1982).

Fourteen years after the *Lundy* decision, Congress enacted the AEDPA, which imposed a one-year statute of limitations on the filing of federal habeas petitions. *See* 28 U.S.C. § 2244(d); *Rhines v. Weber*, 544 U.S. 269, 273–74 (2005). "As a result of the interplay between AEDPA's 1-year statute of limitations and *Lundy*'s dismissal requirement, petitioners who come to federal court with 'mixed' petitions run the risk

of forever losing their opportunity for any federal review of their unexhausted claims." *Rhines*, 544 U.S. at 275.

In response, the federal courts have developed a "stay and abeyance" procedure in which "a district court might stay the petition and hold it in abeyance while the petitioner returns to state court to exhaust his previously unexhausted claims. Once the petitioner exhausts his state remedies, the district court will lift the stay and allow the petitioner to proceed in federal court." *Id.* at 276. But this stay-and-abeyance procedure is permitted only in limited circumstances: A district court is permitted to grant a stay only if "the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id.* at 278.

Here, Brown contends that he has exhausted available state remedies with respect to some, but not all, of his federal habeas claims.[1]

---

[1] Generally, for this Court to address the merits of a habeas petition, all of the claims contained in the petition must be exhausted. 28 U.S.C. § 2254(b). Ordinarily, "[t]he exhaustion requirement is satisfied only if the petitioner can show that he fairly presented the federal claim at each level of the established state-court system for review." *Holloway v. Horn*, 355 F.3d 707, 714 (3d Cir. 2004); *see also O'Sullivan*, 526 U.S. at
*(continued on next page)*

He requests this proceeding on his federal habeas petition be stayed and held in abeyance while he returns to state court to exhaust his previously unexhausted claims. But his request for a stay is premised on the mistaken impression that his amended petition is a "mixed" petition, subject to dismissal under *Lundy* and amenable to the stay-and-abeyance procedure under *Rhines*. It is not.

If Brown were to return to state court now to attempt to exhaust his claims in a new PCRA petition, nearly five years after his judgment of conviction became final, his petition would be untimely and the matter would be dismissed pursuant to 42 Pa. Cons. Stat. Ann. § 9545(b). Under

---

844–55 ("[T]he exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts . . . ."). "'Fair presentation' of a claim means that the petitioner 'must present a federal claim's factual and legal substance to the state courts in a manner that puts them on notice that a federal claim is being asserted.'" *Holloway*, 355 F.3d at 714 (quoting *McCandless v. Vaughn*, 172 F.3d 255, 261 (3d Cir. 1999)). A federal claim may be exhausted by presenting it either on direct appeal or in post-conviction PCRA proceedings. *See O'Sullivan*, 526 U.S. at 844 (citing *Brown v. Allen*, 344 U.S. 443, 447 (1953)). In Pennsylvania, a federal claim may be exhausted by presenting it to the Superior Court of Pennsylvania, either on direct appeal from a state criminal conviction or on appeal from a PCRA court's denial of post-conviction relief. *See Lambert v. Blackwell*, 387 F.3d 210, 233 (3d Cir. 2004); *see also In re Exhaustion of State Remedies in Criminal and Post-Conviction Relief Cases*, Order No. 218, 30 Pa. Bull. 2582 (Pa. May 9, 2000); Pa. R. App. P. 1114 historical notes (Order of May 9, 2000).

this state statute, a PCRA petition must be filed "within one year of the date the judgment becomes final," subject to certain statutorily enumerated exceptions not applicable here. *See* 42 Pa. Cons. Stat. Ann. § 9545(b). *See generally Commonwealth v. Smallwood*, 155 A.3d 1054, 1059–60 (Pa. Super. Ct. 2017) (noting that "[t]hese time limits are jurisdictional in nature" and "not subject to the doctrine of equitable tolling"). "When a claim is not exhausted because it has not been 'fairly presented' to the state courts, but state procedural rules bar the applicant from seeking further relief in state courts, the exhaustion requirement is satisfied because there is 'an absence of available State corrective process.'" *McCandless v. Vaughn*, 172 F.3d 255, 260 (3d Cir. 1999) (quoting 28 U.S.C. § 2254(b)(1)(B)(i)); *see also Coleman v. Thompson*, 501 U.S. 722, 732 (1991) ("A habeas petitioner who has defaulted his federal claims in state court meets the technical requirements for exhaustion; there are no state remedies any longer 'available' to him."). Thus, for the purpose of this federal habeas proceeding, Brown's claims are all exhausted, whether actually or technically so.

"Even so, this does not mean that a federal court may, without more, proceed to the merits. Rather, claims deemed exhausted because of

a state procedural bar are procedurally defaulted . . . ." *Lines v. Larkins*, 208 F.3d 153, 160 (3d Cir. 2000). Generally, a federal court may not review a habeas claim that is procedurally defaulted. *Johnson v. Folino*, 705 F.3d 117, 127 (3d Cir. 2013). A claim is procedurally defaulted when "a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule." *Coleman*, 501 U.S. at 750. The one-year statute of limitations applicable to state PCRA proceedings has been held to be such an independent and adequate state procedural rule. *See Glenn v. Wynder*, 743 F.3d 402, 409 (3d Cir. 2014); *Banks v. Horn*, 49 F. Supp. 2d 400, 403–07 (M.D. Pa. 1999). *See generally Bronshtein v. Horn*, 404 F.3d 700, 708–10 (3d Cir. 2005) (discussing history and strict application of the PCRA statute of limitations since 1999).

"[I]f the challenged claims are procedurally defaulted, not merely unexhausted, then the petition is no longer 'mixed,' the 'stay and abeyance' issue is moot, and the only question is whether the petitioner can overcome the procedural default of the challenged claims to allow them to be considered by the federal court pursuant to § 2254." *Boss v. Ludwick*, 863 F. Supp. 2d 845, 856 (N.D. Iowa 2012); *see also id.* ("[T]he

first question is not whether the *Rhines* factors warrant a 'stay and abeyance,' but whether the 'stay and abeyance' issue is moot."). Brown's newly asserted federal habeas claims, not previously presented to the state appellate courts, are procedurally defaulted, not merely unexhausted. His petition is no longer "mixed"—indeed, it never was, as the one-year state PCRA limitation period expired well before he filed his motion. Therefore, the stay-and-abeyance issue is moot.

Accordingly, the motion to stay (Doc. 18) will be denied as moot.

An appropriate Order follows.

Dated: May 18, 2020  *s/Joseph F. Saporito, Jr.*
JOSEPH F. SAPORITO, JR.
United States Magistrate Judge